WARNE v. ANDERSON & THOMPSON.

1. A variance between the declaration and the instrument sued on, in the date of the latter, is cured by verdict. After verdict the presumption is that the proof corresponded with the averment in the declaration.

2. In an action against the acceptor of a bill of exchange, it is not necessary to prove his hand-writing, unless it is denied by plea verified by affidavit.

Appeal from the St. Louis Circuit Court.

*J. B. King for Appellant.*

The judge of said St. Louis circuit court erred in permitting the said appellees by their counsel to amend their declaration, and then gave judgment for them without continuing said cause at the said trial thereof, when said amendment was made.

The circuit court erred in not granting a new trial to the appellant, when moved so to do for the reasons filed; and then permitted the appellees to again amend their declaration by their counsel, to avoid the operation of the variance apparent on the face of the declaration.

The circuit court erred in giving judgment for the appellees, as there was no proof that the appellant had accepted said bill of exchange in writing, signed by himself or his lawful agent. See Mo. Digest, page 97, on the subject of Bills of Exchange, sec. 1.

*T. B. Hudson for Appellees.*

1st. That the amendment made on the trial of the cause below, was of an immaterial allegation, and might have been stricken out of the declaration as surplusage.

2d. That if the supposed variance was material, the defendant below should have taken advantage of the variance in a different manner, and it was too late to insist upon a formal objection after the plea of the general issue.

3d. That the defendants made no objection to the offering in evidence the bill of exchange on the trial in the circuit court, and after it was offered and read, it was too late to urge any objection to the same on the ground of variance.

4th. The bill of exchange was accepted in writing, and signed by the defendant below; this is sufficient evidence of the acceptance, and will bind the acceptor unless he deny the same on oath. The counsel for appellees insist that it is not necessary in an action against an acceptor, to prove the acceptor's hand writing, unless the same be denied on oath; and according to the Statute of Missouri, there is an express provision that all instruments purporting to be signed by any person to be bound thereby, shall be taken to be signed by such person, until such signature be denied on oath. See Revised Code, 463.

5th. In this case there is an acceptance in writing signed by the party, in accordance with the provisions of the Statute on the subject of Bills of Exchange. See the bill of exchange set out in the bill of exceptions. Rev. Code, 97.

6th. The courts of this state have a right to amend any writ or proceeding in any cause, either in form or substance, upon such terms as the courts may think proper for the furtherance of justice. In the present case the court suffered the amendment, and in doing which committed no error. See Revised Code, p. 467.

7th. After judgment rendered, the court may suffer any imperfections or defects in matters of form to be amended. Such was the case in this cause. See Revised Code, 468, sec. 4.

8th. No judgment will be arrested on account of any va-

riance in the pleadings, the names of parties, the description of instruments, &c., where the same is matter of form, or where the matter has been once correctly set out.  See Rev. Code, 468, sec. 7.

*Opinion of the Court by Napton, Judge.*

The appellees sued the appellant in assumpsit on a bill of exchange.  Plea non-assumpsit, and verdict and judgment for plaintiffs below.  The appellant moved for a new trial, because the verdict was against law and evidence, and because the court erred in suffering the plaintiffs below to amend their declaration, and overruled the defendant's motion for a continuance, by virtue of said amendment.  It was also alleged as a reason for a new trial, that the court suffered improper evidence to be given on the trial.  The motion for a new trial was overruled.

It appears from the bill of exceptions, that upon the trial, the plaintiffs, below, offered in evidence a bill of exchange, which is set forth in the record, and upon the back of which is indorsed the words, "accepted, St. Louis, June 22, 1840. Thomas S. Warne."  The plaintiffs proved the hand-writing of the payees, and who composed the firm of Anderson and Thompson.  And this was all the testimony.  The defendant, below, then moved the court for a non-suit, upon the ground that the proof did not sustain the plaintiff's declaration, in this; the declaration read, "George C. Anderson & John S. Thompson plaintiffs, co-partners in trade, under the name, firm and style of Anderson & Thomas."  This was the only variance alleged on the trial, and the court overruled the motion, and allowed the counsel of appellees to amend the declaration by striking out the word "Thomas," and inserting "Thompson," and without granting any continuance by reason of said amendment, the court proceeded to give judgment.  The appellant then moved for a new trial, as before stated.

Upon this motion for a new trial, it seems from the bill of exceptions, that a variance between the declaration and the

bill of exchange offered in evidence, was brought to the no-
tice of the court, as one ground for granting a new trial.
The court overruled the motion, and suffered the declaration
to be amended *nunc pro tunc*, by inserting 22d June instead
of 2d June, as it was in the original declaration.   To all of
which the appellant excepted.

The errors assigned are,

First, That the court improperly allowed the declaration
to be amended, and if properly allowed, the defendant was
entitled to his continuance.

Second, The court erred in allowing the declaration to be
amended after judgment.

Third, The verdict was unsupported by the testimony.

Our statute regulating practice at law, provides, (Rev. Co.
of '35, p. 467,) that the court in which any action shall be
pending, shall have power to amend any process, pleading
or proceeding in such action, either in form or substance, for
the furtherance of justice, on such terms as shall be just, at
any time before final judgment rendered therein.   If such
amendment be made in matter of substance, the adverse
party shall be allowed an opportunity, according to the
course and practice of the court, to answer the pleading so
amended.

There is no doubt that the court under this section had
the power to allow the amendment; and the only question
is, whether the defendant had a right to a continuance be-
cause of such amendment.   Was the amendment formal or
substantial?   If the allegation, that the plaintiffs were co-
partners under the name and style of Anderson & Thomp-
son, be a material allegation, the amendment must be one
of substance.   I am of opinion, that this allegation was
material, and the plaintiffs so consider it by introducing
proof of the partnership.   If the partnership proved was
essentially different from the one set out in the declaration,
the plaintiffs must of course have been non-suited, and to
avoid this they were suffered to make the amendment.   It
has been often decided by the court, that such amendments
entitle the other party to a continuance.   It may be a mere
clerical error, made by counsel; but whether so or not, if it

MAY TERM, 1841.

Warne
v.
Anderson & Thompson.

A variance between the declaration & the instrument sued on, in the date of the latter, is cured by verdict. After verdict the presumption is, that the proof corresponded with the averm't in the declar'n.

In an action against the acceptor of a bill of exchange, it is not necessary to prove his hand-writing, unless it is denied by plea verified by affidavit.

require amendment, and the amendment is of a material allegation, and one which must be proved as averred, the statute is imperative in giving a continuance.

The amendment made by the court after judgment, was in my opinion, entirely unncessary. The verdict cured the declaration, if it was deficient in the particular suggested; and after judgment, the presumption was, that the proof corresponded with the averments. There was no error on this point.

The last objection taken, that the verdict was unsupported by the testimony, appears to be without foundation. Proof of the signature of the endorsers, and the partnership of endorsees was made, and the only objection taken is the failure to prove the proper hand-writing of the acceptor, who was the defendant. Our statute provides, that before any proof is requisite to establish the hand-writing of the party charged, he must deny the instrument to be his. No such denial was in this case made.

My opinion is, that this judgment should be reversed, because the court refused to grant a continuance.

*Tompkins, Judge.*

I concur in the opinion except on the first point. The judgment is then affirmed by a division in this court.